IN THE MATTER OF THE APPLICATION OF LI CHIONG FOR A WRIT OF HABEAS CORPUS.

July 5, 1913.

1. *Habeas Corpus—Chinese resident of Philippine Islands applying for admission into the United States—Certificate—Contest by United States:* A Chinese subject, previously a resident in the Philippine Islands, applying for admission into the United States, who shall exhibit his certificate of identification and permission issued by H. I. C. M. Consul General in and for the Philippine Islands, viseed by the collector of customs at Manila, thereby establishes his right of entry into the United States unless such certificate is contraverted and the statements thereof disproved by the United States authorities.

2. *Aliens—Chinese—Life of certificate of identification and permission:* There is no rule limiting the life of such certificate except the words in the act of 1884, i. e., "who shall be about to come to the United States," and these permit reasonable delays for business and social purposes, and stoppages on the journey for the same objects.

*Habeas Corpus:*   Application for writ.

*G. S. Curry* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

Dole, J.   [1a] Upon this application for a writ of habeas corpus, the immigation inspector in charge contested the application on the ground that from the petition itself it appears that it was decided by such immigration inspector that the petitioner did not present a certificate issued by the Chinese government viseed by the diplomatic representative of the United States in China; also that the petitioner did not present a certificate as a merchant viseed by the consular representative of the United States at the port or place from which the person named in the certificate departed; also that the petitioner did not present to the proper immigration officials such a certificate as is required by the laws and treaties of the United States; also that it appears from the petition itself that the petitioner had abandoned his intention of coming to the United States subsequent to the issuance of the certificate; also that it appears from the petition itself that it had been determined by such immigration inspector in charge that the petitioner, subsequent to the issuance of such certificate, had abandoned his status as a merchant.

It appears by the copy of the certificate submitted with the petition that it was issued by His Imperial Chinese Majesty's Consul General in and for the Philippine Islands and that it was viseed by H. B. McCoy, Insular Collector of Customs at Manila.

Rule 11c of the regulations governing the admission of Chinese provides as follows:

"The governor of the Philippine Islands having, by exeutive order No. 38, of September 23, 1904, designated the collector of customs, Manila, to issue to Chinese citizens of those islands the certificate provided by section 6 of the act of July 5, 1884, and it being impracticable to require that such certificates shall be viseed, officers at ports of entry for Chinese will regard certificates issued to such Philippine citizens in the same manner as certificates issued by officials of foreign countries and viseed by American diplomatic or consular officers. Certificates issued by the Chinese Consul General, Manila, to subjects of the Chinese Empire residing in the Philippines will be viseed by the collector of customs at Manila, and when so viseed will be accorded the usual consideration."

From this it appears that the rule has been exactly followed in regard to the issue and vise of the certificate in question.

[2] As to the other points, first, that the petitioner had abandoned his intention to come to the United States subsequent to the issuance of the certificate, there is no rule or statute that I am aware of which limits the life of such certificate or provides that if not used within a certain time it shall become invalid, except the expression in the act referred to below, i. e., "who shall be about to come to the United States," which certainly allows reasonable delays for business and social purposes and stoppages on the journey for similar objects.

[1b] And as to the point that the petitioner, subsequent to the issuance of such certificate abandoned his status as a merchant, I find in section 6 of the act of 1882, as amended by the act of 1884, that "such certificate viseed as aforesaid shall be prima facie evidence of the facts set forth therein and shall be produced to the Chinese inspector in charge at the port of the district of the United States at which the person named therein shall arrive  .  .  .  and

shall be the sole evidence permissible on the part of the person producing the same to establish the right of entry into the United States; and said certificate may be controverted and the facts therein stated disproved by the United States authorities."

From this we find that all that the petitioner had to do was to produce his certificate. In fact he should not have been permitted to do anything more than to exhibit his certificate, leaving it to the government to controvert and disprove the same. This has not been done, except as the government may have considered the petitioner's testimony to have controverted and disproved the certificate and the facts therein stated, which cannot be said to have happened. The inspector in charge has, in the view of this court, mistaken the law of the case.

The petitioner is therefore discharged from the custody of the respondent.

*Reversed: United States v. Li Chiong,* 217 Fed. 45.